Lonergan v. City of South Omaha.

---

Mary P. Lonergan et al., Appellees, v. City of South Omaha et al., Appellants.

Filed July 13, 1904. No. 13,568.

Proof of Publication, by the affidavit of a person having knowledge of the fact, must be made within six months after the last day of publication.

Appeal from the district court for Douglas county: George A. Day, Judge. Affirmed.

A. H. Murdock, for appellants.

Leffler & Winters, contra.

Oldham, C.

This is an action to restrain the collection of a special grading tax levied by the mayor and council of the city of South Omaha on certain lots situated in grading district No. 42, in the above named city. The material allegation of the petition is, that the tax is illegal and void because the petition was not signed by the requisite number of freeholders; because there was no sufficient

notice given by the city council of its intention to sit as a board of equalization prior to the levy of the taxes complained of; because there was no legal meeting of the board of equalization held prior to the levy of the taxes, and because chapter 15 of the session laws of 1891 and chapter 7 of the session laws of 1893, which authorized the levy, were unconstitutional. The city answered with a general denial and a plea of estoppel. On issues thus joined, there was a trial to the court, judgment for plaintiff, and defendants bring the case to this court on appeal.

At the trial in the court below, the learned district judge held that the petition for grading, at the expense of the owners of the property, was sufficient and an examination of the record leads us to the conclusion that this holding is fully supported. The court also held that there was no proof of a notice by publication of the meeting of the board of equalization before the levy of the tax against the property in the grading district. An examination of the record shows that plaintiffs, to support this allegation of their petition, introduced in evidence the record of the proceedings of the board which failed to show any notice by publication of the meeting. The defendant city introduced the following alleged proof of publication:

"J. M. Tanner, being duly sworn, says that he is one of the proprietors of the *Daily Tribune*, a newspaper of general circulation in said county and state, published in the city of South Omaha, Neb., and that the notice, a copy of which is hereto annexed, was published in said newspaper for six times commencing on the 8th day of May to the 15th day of May, inclusive, 1900. J. M. Tanner."

This proof was subscribed and sworn to on the 8th day of July, 1903.

The sufficiency of this proof is challenged because it fails to specifically show that the notice was published for six consecutive days immediately preceding the meeting of the board of equalization and also for the reason that it was sworn to on the 8th day of July, 1903, more than

three years after the last publication. Section 403 of the code provides: "Publications required by law to be made in a newspaper, may be proved by affidavit of any person having knowledge of the fact, specifying the time when and the paper in which the publication was made, but such affidavit must, for the purposes now contemplated, be made within six months after the last day of publication." It is apparent, that to entitle defendants to prove the publication in the newspaper by the affidavit of a person having knowledge of the fact, such affidavit must be made within six months of the last day of the publication. As this affidavit was the only proof offered by defendants, tending to show publication of the notice during the time required by the statute, we think the learned trial court was fully justified in finding that there was no sufficient proof of publication of notice of the meeting of the board of equalization, and, as such notice is jurisdictional, we need not examine into the question of the constitutionality of the statute under which the tax was sought to be levied.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.